# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LIONEL C. WHITEHEAD**,

        Petitioner,

        v.                                                  **Case No. 06-C-956**

**WARDEN JEFFREY P. ENDICOTT,**

        Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

Lionel C. Whitehead ("Whitehead") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On September 12, 2006, proceeding pro se, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chief Judge Rudolph T. Randa screened Whitehead's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and on March 7, 2007, the respondent answered Whitehead's petition. On February 22, 2007, this case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge.

On March 15, 2007, Whitehead filed a motion requesting that counsel be appointed to assist him. On July 16, 2007, this court denied Whitehead's motion on the basis that, upon a review of the record in this matter, the court was unable to say that the Whitehead has demonstrated a reasonable probability of success if counsel were appointed for Whitehead. On October 29, 2007, this court denied Whitehead's renewed motion for appointment of counsel but did permit Whitehead to submit a supplement to his memorandum in support of his petition no later than November 29, 2007. Whitehead did so, and the respondent filed his supplemental response memorandum on December 19, 2007.

On February 13, 2008, this court denied Whitehead's petition, and judgment was entered accordingly. On February 25, 2008, Whitehead filed a motion for reconsideration. The pleadings on this motion are closed and the matter is ready for resolution.

> Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:
>
>> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828.
>
> See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995).

Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3-5 (N.D. Ind. 2007). "Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

Alternatively, broadly construing Whitehead's motion as this court must do in light of the fact that Whitehead is proceeding pro se, the motion may be construed as a motion for an

amendment of judgment pursuant to Federal Rule of Civil Procedure 59(e) as it was filed within 10 days of the entry of judgment. See Beyah v. Murphy, 825 F. Supp. 213, 214 (E.D. Wis. 1993) (citing United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) ("[A]ll substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59.")).Further, Whitehead captioned his motion as "MOTION FOR RECONSIDERATION OF WRIT OF HABEAS CORPUS i.e. MOTION TO ALTER OR AMEND THE JUDGMENT."

> [U]nder Rule 59(e), Federal Rules of Civil Procedure, a court may alter or amend a judgment if the movant "clearly establishes either a manifest error of law or fact" or "presents newly discovered evidence." Federal Deposit Insurance Corporation v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). A motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before judgment issued." Id. at 1268.

Beyah, 825 F. Supp. at 214.

Whitehead simply reargues the merits of his petition and claims that this court decided the matter incorrectly the first time. Therefore, Whitehead is not entitled to relief either construing his motion as a motion for reconsideration or a motion to amend judgment under Rule 59.

**IT IS THEREFORE ORDERED** that Whitehead's motion for reconsideration, (Docket No. 26), is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of March, 2008.

                                                     s/AARON E. GOODSTEIN
                                                    U.S. Magistrate Judge